IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TERRELL MANUEL, | ) |
| | ) |
| and | ) |
| | ) |
| CHARLES E. WHITE, | ) |
| | ) |
| for themselves and on behalf of all | ) |
| similarly situated individuals, | ) |
| | ) CASE NO. 3:14-CV-238 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, | ) |
| NATIONAL ASSOCIATION | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS COMPLAINT**

COMES NOW Defendant Wells Fargo Bank, National Association (hereinafter "Wells Fargo" or "Defendant"), by counsel, and hereby submits its response in opposition to Plaintiffs' Motion for Leave to File Third Amended Class Complaint. In support, Defendant states the following:

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural History

Plaintiffs filed their initial Complaint with this Court on April 1, 2014. Pl.'s Compl., ECF No. 1. Therein, Plaintiffs pursued recovery against Defendant in the following two counts: (a) Violation of the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i); and (b) Violation of the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(ii). *Id.* Plaintiffs did not assert a claim pursuant to the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i) and 15 U.S.C. § 1691b(b)(2)(A)(ii) at that time.

Plaintiffs filed their First Amended Class Complaint on September 15, 2014. Pl.'s Am. Compl., ECF No. 15. Therein, Plaintiffs asserted the same causes of action contained within their initial Complaint. Pl.'s Am. Compl., ECF No. 15. Apparently in response to certain errors contained within Plaintiffs' First Amended Class Complaint, and in response to discussions between the parties and this Court at the Initial Pretrial Conference in this case, this Court instructed Plaintiff to file an amended complaint by Order dated October 16, 2015. Plaintiffs responded to this Court's mandate by filing their Second Amended Class Complaint on October 20, 2015. Pl.'s Second Am. Compl., ECF No. 21. As this amendment was ordered by the Court, Defendant lacked an opportunity to consent to or oppose it. Plaintiffs' Second Amended Class Complaint contains the same causes of action asserted by their previous complaints.

B. **Scheduling Order Dated September 10, 2014**

This Court issued a Scheduling Order on September 10, 2014, setting various deadlines for the management of this case. ECF No. 14. In that Scheduling Order, this Court set a deadline of September 25, 2014 for "motions for joinder of additional parties or amendment of pleadings." *Id.* This Court further stated therein that "[a]ny such motions filed thereafter will be entertained only upon a showing of good cause." *Id.* Plaintiffs now seek to file a Third Amended Complaint in a manner that misstates the standard governing this Court's analysis.

C. **Plaintiffs' Motion To Amend**

Plaintiffs seek leave to file a Third Amended Class Complaint. As stated in their memorandum, Plaintiffs seek to add claims for violations of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i) and 15 U.S.C. § 1691b(b)(2)(A)(ii). Both proposed claims pertain to the

disclosure and authorization forms used by Defendant in connection to the background screenings at issue in this case. Pl.'s Mem. in Supp. 2, ECF No. 31.

Plaintiffs acknowledge that Defendant provided the disclosure and authorization forms giving rise to their claims on January 23, 2015. *Id.* The forms at issue were provided by Wells Fargo in connection to Plaintiffs' Requests for Production of Documents, bear each Plaintiff's name and e-signature, and clearly contain the heading "Wells Fargo Standard Consent Form." Plaintiffs were therefore on notice, as of January 23, 2015, that the forms at issue were used by Wells Fargo in connection to the background screenings of Plaintiffs.

Confusingly, however, Plaintiffs seem to claim that they did not know that Wells Fargo used the previously-provided disclosure and authorization forms to "uniformly obtain the background checks of its current and prospective employees" until depositions in a related case on February 4 and 5, 2015. *Id.* Defendant provided the disclosure and authorization forms at issue in this case nearly two weeks before these dates; therefore, Plaintiffs were on notice that Wells Fargo used them to "obtain the background checks of its current and prospective employees" at that time. Moreover, counsel for Plaintiffs informed counsel for Defendant that Plaintiffs intended to file a third amended complaint asserting claims associated with Defendant's disclosure and authorization forms on January 30, 2015, nearly a week prior to the aforementioned depositions.

As an aside, Plaintiffs' Memorandum in Support of Motion to File Third Amended Class Complaint contains an inaccurate statement that should not be considered by this Court in its determination of this issue. Plaintiffs state that "[e]ven thought [sic] the parties agreed to exchange mandatory disclosures under Fed. Rule Civ. P. 26(a)(1) on November 12, 2014, Defendant refused Plaintiffs' request to produce the documents that it had identified in its

3

disclosure." *Id.* at 3. However, as acknowledged by Plaintiffs' counsel during a December 8, 2014 meet-and-confer conference call, and memorialized by emails dated December 9, 2014, there was no agreement imposing disclosure requirements in excess of those contained in Federal Rule of Civil Procedure 26.

Plaintiffs did not file their Motion for Leave to File Third Amended Class Complaint until February 24, 2015, more than one month after they became aware of the facts purportedly giving rise to their proposed claims.

## II. ARGUMENT AND AUTHORITIES

### A. A Motion To Amend After The Deadline Set Forth In A Scheduling Order Should Not Be Granted Absent A Showing Of "Good Cause" For Failure To Meet The Scheduled Deadline.

Plaintiffs assert that their Motion for Leave to File Third Amended Class Complaint is controlled by the "good cause" standard contained within Federal Rule of Civil Procedure 16. However, Plaintiffs incorrectly claim that this "good cause" standard is "essentially the same" as the "interest of justice" standard contained within Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* at 5 (quoting *Smithfield Foods, Inc. v. United Food & Comm'l Workers Int'l Union, et al.*, 254 F.R.D. 274, 278 (E.D. Va. Oct. 21, 2008)). Plaintiffs distort this Court's discussion in that case. In Smithfield Foods, this Court stated that

> While the good cause standard is more stringent than the interest of justice standard, based on the foregoing precedent, it appears that, at least where, as here, a case is in the final trial preparation stage and discovery has closed, the analytical approach should be essentially the same under either standard.

254 F.R.D. at 278. Therefore, this Court did not hold that the Rule 16 standard, which governs the present motion, is "essentially the same" as the more lenient standard contained in Rule 15. Rather, this Court suggested that the analytical approach under both standards is essentially the same when discovery has closed and a case is in the final

4

trial preparation stage. Discovery has not closed in this case, nor has a trial date even been set. Plaintiffs' arguments are therefore unavailing. This Court's analysis is governed by the Rule 16 "good cause" analytical framework – not the Rule 15 "interests of justice" multi-step analytical framework.

As this Court has recognized, a motion to amend the pleadings after the deadline set forth in a scheduling order is governed by the "good cause" standard articulated in Rule 16(b) of the Federal Rules of Civil Procedure. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). As noted by the Fourth Circuit in *Nourison Rug*:

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.

*Id.*

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (emphasis not in original). This "good cause" standard does not focus on the bad faith of the movant or the prejudice to the opposing party, both of which are factors under Rule 15(a). Rather, Rule 16(b) focuses on the diligence of the party seeking to amend the scheduling order. Failing to act promptly and seek amendment – within days – in response to new information is incompatible with a finding of diligence and is not a proper basis for granting leave to amend. *See Id.* As courts within the Fourth Circuit have correctly recognized, "if a party was not diligent, the good cause inquiry should end." *McDonald v. Marlboro Cnty.*, No. 5:12-cv-1725, 2013 WL 6580631 (D.S.C. Dec. 16, 2013).

5

In Montgomery v. Anne Arundel County, the Fourth Circuit held that a motion to amend must be filed promptly after a party is put on notice of the facts giving rise to the requested amendment. *Id.* In that case, the plaintiff was put on notice that one of her claims was deficient on August 15, 2003 at the latest. *Id.* Even though she only waited 26 days, until September 10, 2003, to file a motion to amend, the district court found that such delay was not "good cause" to allow her to amend the complaint.[1] *Id.* On appeal, the Fourth Circuit affirmed the district court's ruling, stating that "[i]n light of this delay, the district court was correct to find no "good cause" to allow Montgomery leave to amend the complaint." *Id.* Accordingly, parties may not seek amendment pursuant to Rule 16 where they fail to act promptly and seek amendment – within days – in response to new information. As discussed more fully below, Plaintiffs exhibited greater delay than that rejected by the Fourth Circuit in Montgomery, waiting more than one month to file the instant motion. Therefore, Plaintiffs failed to demonstrate good cause sufficient to justify their proposed amendment.

**B. Plaintiffs' Lack Of Diligence Precludes Their Requested Amendment.**

Plaintiffs' lack of diligence in asserting their claims precludes a finding of good cause sufficient to permit any amendment to the Scheduling Order entered in this case. Defendant put Plaintiffs on notice of the facts underlying their proposed claims on January 23, 2015. Pl.'s Mem. in Supp. 2, ECF No. 31. However, Plaintiffs did not file the instant motion until more than one month later, on February 24, 2015. In Montgomery, the Fourth Circuit held that a delay of merely 26 days between learning new information and filing a motion for leave to amend did

[1] Specifically, the Court stated that "[t]he court's subsequent August 15 order denying Montgomery's motion to reinstate counts 16 and 17 further alerted counsel that the counts did not properly state negligence claims against individual officers. At that point in the litigation, it should have been clear to Montgomery's counsel, who presumably understood basic principles of governmental immunity under Maryland law, that [Montgomery should proceed against Wellman individually] Nevertheless, counsel waited several weeks, until September 10, to file the motion to amend. In light of this delay, the district court was correct to find no "good cause" to allow Montgomery leave to amend the complaint." *Id.*

not satisfy Rule 16's "good cause standard." Here, Plaintiffs waited more than 26 days – indeed, more than one month – before filing the instant motion. Such delay cannot be reconciled with the notions of diligence pervading the cases interpreting Rule 16's good cause standard. Plaintiffs did not and cannot demonstrate the good cause sufficient to justify its motion. Therefore, Defendant urges this Court to deny Plaintiffs' Motion.

### III. CONCLUSION

This Court should decline to grant Plaintiffs' Motion for Leave to File Third Amended Class Complaint. Plaintiffs cite to the wrong standard applicable in this instance, as this Court's initial analysis under the Rule 16 "good cause" analytical framework is not analogous to the Rule 15 "interests of justice" multi-step analytical framework. Even under the correct standard contained within Rule 16, Plaintiffs' Motion for Leave to File Third Amended Class Complaint lacks merit. Plaintiffs did not make a showing of good cause sufficient to justify their proposed amendment. After receiving the documents underlying their proposed new claims, Plaintiffs waited over one month to file the instant motion, and in fact waited three weeks before providing a copy of their proposed Third Amended Class Complaint. Plaintiffs should have moved expediently to seek leave to file their proposed Third Amended Class Complaint; however, they did not. Accordingly, this Court should deny the instant motion.

Dated <u>March 10, 2015</u>  Respectfully Submitted,

**WELLS FARGO BANK, NATIONAL ASSOCIATION**

By  /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia States Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia States Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant Wells Fargo Bank, N.A.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2336
Fax:   (804) 225-8641

<center>**CERTIFICATE OF SERVICE**</center>

I hereby certify that on this 10th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiffs:

<center>
Christopher Colt North, Esq.
VSB No. 16955
The Consumer and Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Telephone: (757) 873-1010
Facsimile: (757) 873-8375

Leonard A. Bennett, Esq.
VSB No. 37523
Susan M. Rotkis, Esq.
VSB No. 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3663

*Counsel for Plaintiffs*
</center>

**WELLS FARGO BANK, NATIONAL ASSOCIATION**

By   /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia States Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia States Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant Wells Fargo Bank, N.A.*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:    (804) 663-2336
Fax:    (804) 225-8641