**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| TERRELL MANUEL, | ) |
| | ) |
| and | ) |
| | ) |
| CHARLES E. WHITE, | ) |
| | ) |
| for themselves and on behalf of all | ) |
| similarly situated individuals, | ) |
| | ) CASE NO. 3:14-CV-238 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, | ) |
| NATIONAL ASSOCIATION | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE PLAINTIFFS' UNTIMELY MOTION FOR CLASS CERTIFICATION**

COMES NOW Defendant Wells Fargo Bank, N.A. (hereinafter "Defendant" or "Wells Fargo"), by counsel, states as follows for its Memorandum in Support of Motion to Strike Plaintiffs' Untimely Motion for Class Certification:

**I.  Plaintiff's Motion for Class Certification was late and should be stricken.**

Plaintiffs' Motion for Class Certification was late, and therefore is untimely. Any Motion for Class Certification filed by Plaintiffs should be stricken, as they did not request an extension of time during which to file.

Plaintiffs' Motion for Class Certification was due at 5:00 p.m. on April 30, 2015. ECF No. 28 (stating that "the motion for class certification shall be filed on April 30, 2015"); ECF No. 14 (stating that "[a]ll filing deadlines expire at 5:00 p.m. on the applicable date, except as specifically ordered by the Court"). Although they did not ask this Court for leave to make a

late filing, this Court's deadline came and went without a motion for class certification by Plaintiffs. Rather, Plaintiffs filed their motion well past the 5:00 p.m. deadline. ECF No. 59. This Court should therefore strike Plaintiffs' untimely motion from the record.

**II.     If Plaintiffs file an untimely motion for leave to file late, they must demonstrate "excusable neglect," which district courts should only find in "extraordinary cases."**

Fed.R.Civ.P. 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." A showing of excusable neglect "is not eas[ ]y ..., nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir.1996). The Fourth Circuit is emphatic that "'a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Symbionics Inc. v. Ortlieb,* 432 F. App'x 216, 220 (4th Cir. 2011) (quoting *Thompson,* 76 F.3d at 534 (citation omitted)).

Whether neglect is "excusable" has been described by the Supreme Court as "at bottom an equitable [inquiry], taking account of all relevant circumstances," including: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The reason for the delay is the most important factor. *Thompson,* 76 F.3d at 534.

Because Plaintiffs have been long-aware of the instant deadline, it is unlikely that they will be able to demonstrate a viable reason for the delay. Moreover, the danger of prejudice to Plaintiffs is almost non-existent, as the only individuals who will be impacted by Plaintiffs' delay are not yet parties to the case, nor is it even remotely certain that they ever would be.

Finally, Defendant is acting in good faith, as it has undertaken no efforts whatsoever to frustrate or confuse Plaintiffs regarding the deadline.  To the contrary, Defendant agreed earlier in this case to extend the deadline by which class certification was to be filed; however, it was Plaintiffs who declined any such extension.  Defendant merely observed that Plaintiffs filed their motion for class certification in an untimely manner and filed the instant motion.  Should Plaintiffs decide to file a motion seeking to remedy their deficient and voidable motion, they will therefore be unable to meet their burden to demonstrate excusable neglect.

### III.   Conclusion

Plaintiffs did not timely file any motion for class certification.  Therefore, Defendant requests that this Court prohibit Plaintiffs from doing so in the future.

Dated May 1, 2015                          Respectfully Submitted,

**WELLS FARGO BANK, NATIONAL ASSOCIATION**

By    /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia States Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia States Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant Wells Fargo Bank, N.A.*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2336
Fax:    (804) 225-8641

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiffs:

| | |
|---|---|
| Christopher Colt North, Esq. | Leonard A. Bennett, Esq. |
| VSB No. 16955 | VSB No. 37523 |
| The Consumer and Employee Rights Law Firm, P.C. | Susan M. Rotkis, Esq. |
| 751-A Thimble Shoals Boulevard | VSB No. 40693 |
| Newport News, Virginia 23606 | Consumer Litigation Associates, P.C. |
| Telephone: (757) 873-1010 | 763 J. Clyde Morris Boulevard, Suite 1-A |
| Facsimile: (757) 873-8375 | Newport News, Virginia 23601 |
| | Telephone: (757) 930-3660 |
| | Facsimile: (757) 930-3663 |
| | *Counsel for Plaintiffs* |

**WELLS FARGO BANK, NATIONAL ASSOCIATION**

By   /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia States Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia States Bar Number 84382
clay.rollins@ogletreedeakins.com
*Counsel for Defendant Wells Fargo Bank, N.A.*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2336
Fax:   (804) 225-8641

21095477.2