IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| TERRELL MANUEL, *et al.*, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, NATIONAL )<br>ASSOCIATION, )<br>Defendant. )<br>_____ ) | Civil No. 3:14cv238 (DJN) |

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the court on the Parties' Motion for Preliminary Approval of Class Action Settlement. The court has been advised that the Parties to this action, Terrell Manuel (Plaintiff) and Wells Fargo Bank, N.A. (Defendant), through their respective counsel, have agreed, subject to court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement).

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on March 15, 2016, at 1:00 p.m. after

notice to the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate to determine whether a Final Approval Order should be entered in the Litigation.

IT IS HEREBY ORDERED:

1. The court has jurisdiction over the subject matter of the Litigation and over all settling Parties.

2. **Settlement Classes.** On August 19, 2015, the court entered an Order certifying two classes of consumers, the Impermissible Use Class and the Adverse Action Class. The Parties have settled the matter and seek to amend the class definition to expand the class periods as set forth below. Finding it proper to do so, the class definitions shall be so modified.

3. **Impermissible Use Class:**

The 15 U.S.C. § 1681b(b)(2) class is certified as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for an employment position with Defendant or any of its subsidiaries, who applied for an employment position with Defendant or any of its subsidiaries between April 1, 2012, and May 31, 2015, and as part of this application process were the subject of a consumer report obtained by Defendant, and to whom Defendant attempted the disclosures required at 15 U.S.C. § 1681b(b)(2)(A) through the First Advantage forms and/or portal.

There are approximately 244,164 members of the class, which class size is a material term of the settlement.

4. **Adverse Action Class:**

The 15 U.S.C. § 1681b(b)(3) class is certified as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for an employment position with Defendant or any of its subsidiaries from April 1, 2012 until November 30, 2015, and as part of this application process were the subject of a consumer report obtained by Defendant, (a) who Defendant rejected for

2

employment; (b) and to whom Defendant did not provide a copy of the consumer report as stated at 15 U.S.C. § 168lb(b)(3)(A) at least five business days before the date the consumer report at First Advantage was first coded as ineligible for hire.

There are approximately 6,254 members of the class, which class size is a material term of the settlement.

5. **Class Representative Appointment**: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Terrell Manuel as the Class Representative of the Settlement Classes. The Court finds that the Plaintiff has no interests that are adverse or antagonistic to the interests of the Settlement Class. The Plaintiff shares the common interest with the Settlement Class Members. Each Settlement Class Member will benefit, or have the option of benefitting, from the Settlement Fund, from which payments of attorneys' fees and costs will also be covered. The settlement also preserves the right of Settlement Class Members to opt out of the settlement.

6. **Class Counsel Appointment**: Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated class counsel under Fed. R. Civ. P. 23(g)(1): Leonard Bennett, Susan M. Rotkis, of Consumer Litigation Associates, P.C., and Christopher Colt North and William Leonard Downing of The Consumer & Employee Rights Law Firm, P.C.

7. **Creation of and Deposit into Settlement Fund**: Within twenty calendar days of entry of this Order, Class Counsel shall establish an escrow account or equivalent account approved by Defendant at Towne Bank, a federally-insured financial institution (the "Financial

3

Institution"), which shall be considered a common fund created as a result of the Litigation. Class Counsel and Defendant's Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with the Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class Counsel and Defendant's Counsel. Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund account. Within twenty (20) calendar days following entry of this Preliminary Approval Order, Defendant shall deposit or cause to be deposited by its insurers, with the Financial Institution, by draft or by wire, the aggregate amount of twelve million dollars and zero cents ($12,000,000.00). The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned if any on the Settlement Fund shall be for the benefit of the Settlement Class in the event the Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

  8. **Third-Party Class Action Administrator**: Class Counsel shall retain Epiq Systems, Inc., an entity mutually-agreed upon by the Parties to serve as the Settlement Administrator to oversee the administration of the settlement and the notification to proposed Settlement Class Members. Notice and Administration Expenses shall be paid in accordance with Section 8.2 of the Settlement Agreement. The Settlement Administrator will be responsible for the tasks designated to it in the Settlement Agreement, including, but not limited to, mailing the approved class action notices to the proposed Settlement Class Members and, if the Settlement receives final approval from this Court, mailing the settlement checks to the

Settlement Class Members. The settlement checks shall issue from the Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

9. **Class Notice**: The Court approves the form and substance of the Notice Plan proposed in the Settlement Agreement and the notices of class action settlement, attached as Exhibits to the Settlement Agreement. The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(A) & (B) and due process. The proposed notices constitute the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The notices are designed to reach a significant number of class members and are otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

10. **Exclusions from the Settlement**: The Settlement Class Members may opt out of the Settlement Class. Any proposed Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator

with a postmark date no later than twenty-one (21) days before the Final Approval Hearing. To be effective, the written request for exclusion must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the Settlement Class Member wants to be excluded from the Settlement Class. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the settlement.

11. **Objections**: Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notices, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and contain the objecting Settlement Class Member's signed verification of membership in the Settlement Class with any papers in support of his or her position, and serve copies of all such papers upon Class Counsel and Defendant's Counsel. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend(s) to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than ten (30) days before the Final Fairness Hearing and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

12. **Preliminary Approval**: The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

13. **Final Approval**: The Court shall conduct a Final Fairness Hearing on March 15, 2015, at 701 East Broad Street, Richmond, VA 23219, commencing at 1:00 p.m., to review and rule upon the following issues:

   a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

   b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Settlement Released Claims against the Released Parties; and

   c. To discuss and review other issues as the Court deems appropriate.

14. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class

Members.

15.  An application or applications for attorneys' fees and reimbursement of costs and expenses from the Settlement Fund by Class Counsel, as well as application for a class representative incentive award, shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing.  Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing.  The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion.

16.  The Settlement Agreement and this Order shall be null and void if any of the following occur:

    a.  The Settlement Agreement is terminated or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    b.  The Court rejects, in any material respect, the Final Approval Order substantially in the form and content to be submitted by the Parties and the Parties fail to consent to the entry of another form of Order in lieu thereof;

    c.  The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties, and the Parties do not consent to the Court's rejection; or

    d.  The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal

becomes final by lapse of time or otherwise.

17. If the Settlement Agreement and/or this Order are voided under ¶16 of this Order:

   a. The class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

   b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

   c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

   d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: <u>December 17, 2015</u>